FILED
2014 Oct-14  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY S. CHAPMAN,** | § | |
| **individually and on behalf of** | § | |
| **all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | _____ |
| | § | |
| **TALCO SECURITY** | § | **JURY DEMAND** |
| **INCORPORATED** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

COMES NOW the Plaintiff, Jeffrey S. Chapman, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through counsel, for their Complaint against Defendant, Talco Security Incorporated, (hereinafter "Talco" or "Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.,* and hereby state and allege as follows:

## INTRODUCTION

1.     This is a representative action brought pursuant to FLSA §216(b) by Plaintiff on behalf of himself and all other similarly situated current and former hourly paid security guards employed by Talco in the

state of Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant Talco provides security services to apartment complexes, sorority houses, and other related businesses in and around Tuscaloosa, Alabama.

3.      Defendant uniformly denies compensation, including overtime premium pay, to its hourly workers who work in excess of 40 hours in a week.  Defendant's deliberate failure to pay these employees overtime compensation violates federal law, as set out in the Fair Labor Standards Act.

4.      Plaintiffs perform various functions but are all victims of the same illegal policy and practice of failing to pay overtime at appropriate rate.

## **JURISDICTION AND VENUE**

5.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  The Court

has subject matter jurisdiction over Plaintiffs' FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7.     Defendant maintains its principal place of business in Tennessee and its Registered Agent for Service of Process in Alabama is Christopher Walker, 3015 5th Street, Northport, Alabama  35476.

8.     Plaintiffs are current and former employees who work or have worked as security guards in excess of 40 hours in a week, within the last three years.

9.     Plaintiff Jeffrey S. Chapman is a resident of and domiciled in Tuscaloosa County, Alabama.

## GENERAL ALLEGATIONS

10.     For approximately 12 months, Plaintiff Chapman has worked for Defendant as a security guard.  Plaintiff started his employment on or about October 13, 2013.

11.     Plaintiff was paid on an hourly basis.

12.     Plaintiff was paid straight time at the rate of $10.00 per hour for all hours worked throughout his entire employment.  From February 16, 2014 to August 2, 2014, Plaintiff has worked no less than 327 hours of overtime for which he did not receive time and one half his regular rate of pay.  Plaintiff worked additional uncompensated overtime hours for which he does not have his check stubs, from October of 2013 to February 16, 2014.

13.     Plaintiff's and the putative class's times worked are recorded and paid in a similar manner.

14.     Under Defendant's method of recording and paying for time worked, Plaintiff and others similarly situated were or are not paid for all hours worked at applicable overtime rates because they were or are not compensated at time and a half for all hours worked over forty (40).

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs bring Count I, the FLSA claim for unpaid wages and unpaid overtime, as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b).  In addition to the claims of the individually named Plaintiff, Plaintiff Chapman brings this action as a representative of all similarly situated

former and current employees of the Defendant.  The potential class of "opt-in" employees can be defined as:

> ***All current and former [hourly] security guards paid under a compensation system where employees were not compensated at time and a half for all hours worked in excess of forty (40) in a work week.***

16.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216 (b).

17.    Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees for all hours worked at applicable overtime rates.

18.    The number and identity of other Plaintiffs yet to opt-in and consent to be a party may be determined from the records of the Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

19.    Potential collective action members may be informed of the pendency of this class action through direct mail.

20.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The

questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a)    Whether Plaintiffs worked more than forty hours per week;

    b)    Whether Plaintiffs were compensated time and one half their "regular rate" for all hours worked over forty in any and all weeks;

    c)    Whether Defendant had a policy and practice of willfully failing to compensate employees for all hours worked, including overtime.

21.    The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

22.    The collective action representative's claims are typical of those similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

23.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to

act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

24. The Collective Action Representative is an adequate representative of similarly situated current and former employees because she was an employee of the same entity and her interests do not conflict with the interests of the other similarly situated current and former employees she seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

25. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the

courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by the Individually-Named Plaintiff and on Behalf of All Others Similarly Situated)**

26.    Plaintiffs reassert and incorporate by reference paragraphs 1 - 25 as set forth above as if fully restated herein.

27.    At all material times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

28.    The individually named Plaintiff and all similarly situated employees are victims of a uniform and company wide compensation policy and practice, in violation of the FLSA.

29.    Defendant violated the FLSA by failing to pay overtime compensation.

30.    The FLSA regulates, among other things, the payment of wages, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or

employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

31.    Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

32.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiff or proposed class.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

33.    Defendant's failure to accurately pay overtime was willfully perpetrated.  Defendant has not acted in good faith, nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff and all

similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

34.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs, for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

35.    Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

36.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## COUNT II

### FLSA Retaliation Claim

**(Brought Against Defendant Individually By
Plaintiff Jeffrey S. Chapman)**

37.     Plaintiff Jeffrey S. Chapman's supervisor, Demarcus Coats, is paid on an hourly basis and he does not receive overtime at the prescribed rates under the Act for hours worked in excess of 40 in any week.  Plaintiff Chapman and Mr. Coats have had numerous discussions regarding the illegality of Defendant's pay practices.

38.     On or about July 15, 2014, Plaintiff Chapman advised Mr. Coats that he had obtained an attorney who was willing to assist the employees of Defendant in obtaining their overtime pay via a lawsuit.  Mr. Coats advised Plaintiff Chapman that he was in.

39.     On or about July 17, 2014, Plaintiff Chapman sent a mass text to his co-workers advising them that an attorney was interested in helping them obtain their unpaid overtime compensation and that Chapman wanted to establish a time they could all meet to discuss the situation.  Mr. Coats was a recipient of this text.

40.     On August 2, 2014, Plaintiff Chapman was called in and formally disciplined for an occurrence that had happened a month earlier. At the time of the occurrence, he was simply given a verbal warning from Mr. Coats and told not to let it happen again.

41.     After this disciplinary action, Defendant cut Plaintiff's hours significantly, while increasing the hours of his co-workers.

42.     Ultimately, Defendant stopped assigning Plaintiff Chapman any hours to work, despite his availability on the schedule and despite the fact that his co-workers who had not tried to address overtime concerns, continued to receive hours at their same level.

43.     Plaintiff Chapman's reporting of overtime violations and attempts to organize employees to put a stop to said violations constitutes protected activity, and Defendant violated the FLSA by effectively terminating Plaintiff Chapman for engaging in a protected activity.

44.     The FLSA prohibits employers from discharging or in any other manner discriminating against any employee because such employee have filed any complaint or instituted or caused to be instituted any proceeding under or related to Fair Labor Standards Act.  29 U.S.C. § 215(a)(3).

45.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions in terminating Plaintiff Chapman were not a violation of the FLSA and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to his lost wages and benefits pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46.    As a result of the aforesaid willful violations of the FLSA's anti-retaliation provisions, Plaintiff has suffered lost wages, reduced benefits, and mental anguish for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

47.    Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for retaliation.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

A.    At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt-in" to this action if they did not receive compensation for overtime hours worked in excess of 40 in a week;

B.    Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the

Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

C.      Issue an Order directing and requiring Defendant to pay Plaintiff, and all other similarly situated employees damages in the form of overtime wages for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

D.      Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amounts of wages and overtime wages owed to them;

E.      Issue an Order directing and requiring Defendant to pay Plaintiff Chapman lost wages, lost benefits and compensatory damages as a result of his constructive discharge in retaliation for his participation in protected activity;

F.      Issue an Order directing Defendant to reimburse Plaintiff and other similarly situated employees for the costs and attorneys' fees expended in the course of litigating this action, together with pre-judgment and post-judgment interest; and

G.     Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

Dated:  October 14, 2013                    Respectfully submitted,

                                            /s/ *Robert J. Camp*
                                            **ROBERT J. CAMP**
                                            rcamp@wigginschilds.com
                                            **WIGGINS, CHILDS, PANTAZIS,
                                            FISHER & GOLDFARB, LLC**
                                            The Kress Building
                                            301 19th Street North
                                            Birmingham, AL  35203
                                            (205) 314-0500 – Phone
                                            (205) 254-1500 – Facsimile

                                            ***Plaintiff's Counsel***

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues triable by jury.

                                            /s/ *Robert J. Camp*
                                            **ROBERT J. CAMP**